**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renada S. Perea, ) | No. CV 14-2208-TUC-LAB |
| ) Plaintiff, ) | **ORDER** |
| vs. ) | |
| Commissioner of Social Security ) Administration, ) | |
| ) Defendant. ) | |

The plaintiff filed this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

The Magistrate Judge presides over this case pursuant to 28 U.S.C. § 636(c) having received the written consent of both parties. *See* FED.R.CIV.P. 73; (Doc. 16)

The court finds the final decision of the Commissioner is supported by substantial evidence and is free from legal error.

PROCEDURAL HISTORY

Perea filed for disability insurance benefits and supplemental security income in April of 2011. (Tr. 61) She alleged disability beginning on April 15, 2003, due to degenerative disc disease, high blood pressure, and depression. (Tr. 61) Her claim was denied initially (Tr. 95-102) and upon reconsideration (Tr. 105-111). Perea requested review and appeared with counsel at a hearing before Administrative Law Judge (ALJ) Norman R. Buls on January 2,

2013. (Tr. 40) In his decision, dated January 16, 2013, the ALJ found Perea is not disabled because she can return to her past relevant work as a telephone customer service representative. (Tr. 21-33)

Perea appealed and submitted additional exhibits, but the Appeals Council denied review making the decision of the ALJ the final decision of the Commissioner. (Tr. 1-5) Perea subsequently filed this action pro se appealing that final decision. (Doc. 1) She argues she is unable to work due to pain caused by her degenerative disc disease. (Doc. 24)

### Claimant's Work History and Medical History

Perea was 50 years old at the time of the hearing in January of 2013. (Tr. 40-41) She graduated from high school and has a community college associate degree. (Tr. 42, 394)

Perea worked as a customer service representative with Aeges from 1999 to 2002 when she was terminated for "no call and no show." (Tr. 43, 395) She worked as a cashier for Checkers Auto from 2002 to 2003 when she was terminated for allowing her brother to use her employee discount. (Tr. 43, 395)

### Physical Impairment

Perea's main complaint is pain from degenerative disc disease. In November of 2009, X-ray studies of her lumbar spine revealed "moderate to moderately severe degenerative changes." (Tr. 303) Her L3-4 through L5-S1 disc spaces were "moderately to moderately severely narrowed." (Tr. 303)

In October of 2011, Jeri B. Hassman, M.D., examined Perea for the state disability determination services. (Tr. 402) Hassman gave the following diagnoses:

> 1. Chronic low back pain. Thoracic and lumbar spine films apparently show multilevel degenerative changes. No evidence for lumbar radiculopathy and a negative straight leg raising test bilaterally. The claimant's main complaint is that she 'cannot sit or stand for long periods of time.'
> 2. Tenderness over the right sacroiliac joint.
> 3. Obesity.
> 4. Depression.

1  (Tr. 403)  Hassman opined that Perea could lift 20 pounds occasionally and 10 pounds
2  frequently. (Tr. 405) She could sit, stand and/or walk for 6-8 hours in an 8-hour day. (Tr. 405-
3  06)  She should never kneel; crawl; or climb ladders, ropes, or scaffolds.  (Tr. 406)

4  In October of 2011, Charles Combs, M.D., reviewed the medical record for the state
5  disability determination services.  (Tr. 68)  He opined Perea could lift and/or carry 20 pounds
6  occasionally and 10 pounds frequently.  (Tr. 66)  She could sit, stand and/or walk for about six
7  hours in an 8-hour day.  (Tr. 66)  She should never climb ladders, ropes, or scaffolds.  (Tr. 67)

8  In April of 2012, Melvin Roberts, M.D., reviewed the medical record for the state
9  disability determination services.  (Tr. 81, 92)  He opined Perea could lift and/or carry 20
10 pounds occasionally and 10 pounds frequently.  (Tr. 80)  She could sit, stand and/or walk for
11 about six hours in an 8-hour day.  (Tr. 80)  She should never climb ladders, ropes, or scaffolds.
12 (Tr. 80)

13

14 Mental Impairment

15 In August of 2011, Karlaye Rafindadi, Ph.D., examined Perea for the state disability
16 determination services.  (Tr. 392)  Rafindadi offered the following impression:

17 Axis I:     311         Depression NOS
   Axis II:    V71.09      No Diagnosis or Condition on Axis II
18 Axis III                Degenerative Disc Disease; Arthritis

19 (Tr. 396)  According to Rafindadi, "Ms. Perea alleges suffering chronic pain as a result of
20 Degenerative Disc Disease and Arthritis."  (Tr. 396)  "She additionally alleges symptoms of
21 Depression that further interferes with her ability to maintain employment." *Id*.  "Her chronic
22 pain is currently being managed via medication therapy with some moderate success." *Id*.
23 "Symptoms of depression are also managed via medication therapy and she reports some insight
24 as to how to cope with her symptoms." *Id*.  Rafindadi opined that Perea's depression would not
25 impose any limitations on her ability to work.  (Tr. 397)

26 In October of 2011, Raymond Novak, M.D., reviewed the medical record for the state
27 disability determination services.  (Tr. 56)  He opined that there is insufficient evidence to
28

1  substantiate the presence of an affective disorder. (Tr. 56) He found Perea's mental impairment
2  to be non-severe. (Tr. 55)

3        In April of 2012, Alan Goldberg, Psy.D., reviewed the medical record for the state
4  disability determination services. (Tr. 79, 90) He opined that there is insufficient evidence to
5  substantiate the presence of an affective disorder. (Tr. 79) He found Perea's mental impairment
6  to be non-severe. (Tr. 78)

### Hearing Testimony

      Perea appeared with counsel at a hearing before the ALJ in January of 2013. (Tr. 40) She was 50 years old, 5 feet 2 inches tall, and weighed 250 pounds. (Tr. 41) Perea explained that she previously worked as a cashier at CSK Auto and as a telemarketer for Aegis. (Tr. 43) She cannot return to the telemarketer job because she cannot sit for more than five or ten minutes without moving around. (Tr. 44) She has pain in her lower back and neck. (Tr. 44) She takes pain medication, and sometimes she lies on her back on the floor with her feet up. (Tr. 44)

      Perea rises around 7:30 a.m. (Tr. 44) She helps her daughter take care of her grandchildren, ages 9, 7, 5, and 1. (Tr. 45) She makes sandwiches for their lunch. (Tr. 45)

      Because her daughter works, Perea cares for the 1-year-old. (Tr. 45) She can cook in the microwave and can shop for groceries with her daughter. (Tr. 45-46) She reads and uses the computer. (Tr. 46)

      Besides her back pain, Perea suffers from depression. (Tr. 46) She takes Zoloft. (Tr. 46) She also has a bone chip in her knee and plantar faschiitis on her left foot. (Tr. 46-47) She has arthritis in her lower back, hands, and knees. (Tr. 48)

### CLAIM EVALUATION

      Social Security Administration (SSA) regulations require that disability claims be evaluated pursuant to a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920; *Baxter v. Sullivan,* 923 F.2d 1391, 1395 (9th Cir. 1991). The first step requires a determination of

whether the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If so, then the claimant is not disabled, and benefits are denied. *Id.*

If the claimant is not engaged in substantial gainful activity, the ALJ proceeds to step two, which requires a determination of whether the claimant has a "medically severe impairment or combination of impairments." 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a determination at step two, the ALJ uses medical evidence to consider whether the claimant's impairment more than minimally limits or restricts his or her "physical or mental ability to do basic work activities." *Id*. If the ALJ concludes the impairment is not severe, the claim is denied. *Id*.

Upon a finding of severity, the ALJ proceeds to step three, which requires a determination of whether the impairment meets or equals one of several listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); 20 C.F.R. Pt. 404, Subpt. P, App.1. If the claimant's impairment meets or equals one of the listed impairments, then the claimant is presumed to be disabled, and no further inquiry is necessary. *Ramirez v Shalala,* 8 F.3d 1449, 1452 (9th Cir. 1993). If the claimant's impairment does not meet or equal a listed impairment, evaluation proceeds to the next step.

The fourth step requires the ALJ to consider whether the claimant has sufficient residual functional capacity (RFC)[1] to perform past work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If yes, then the claim is denied. *Id*. If the claimant cannot perform any past work, then the ALJ must move to the fifth step, which requires consideration of the claimant's RFC to perform other substantial gainful work in the national economy in view of claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4).

The ALJ's Findings

---

[1] Residual functional capacity is defined as that which an individual can still do despite his or her limitations. 20 C.F.R. §§ 404.1545, 416.945.

- 5 -

1   At step one of the disability analysis, the ALJ found Perea "has not engaged in
2   substantial gainful activity since April 15, 2003, the alleged onset date." (Tr. 23)  At step two,
3   he found Perea "has the following severe impairments: degenerative disc disease of the spine."
4   (Tr. 23)

5   At step three, the ALJ found Perea's impairments did not meet or equal the criteria for
6   any impairment found in the Listing of Impairments, Appendix 1, Subpart P, of 20 C.F.R., Part
7   404.  (Tr. 26)

8   The ALJ then analyzed Perea's residual functional capacity (RFC).  He found Perea "has
9   the residual functional capacity to perform light work . . . except: the claimant can lift and/or
10   carry twenty pounds occasionally, ten pounds frequently; the claimant can stand, sit or walk for
11   six hours out of an eight-hour workday; the claimant can occasionally stoop, crouch and climb
12   using ramps and stairs; the claimant cannot kneel, crawl or climb using ladders, ropes or
13   scaffolds; the claimant must avoid work around unprotected heights."  (Tr. 26)

14   At step four, the ALJ found Perea is able to perform her past relevant work as a
15   telephone customer service representative.  (Tr. 32)  Accordingly, he found Perea was not
16   disabled "from April 15, 2003, through the date of this decision (January 16, 2013)."  (Tr. 23)

17
18   STANDARD OF REVIEW

19   An individual is entitled to disability benefits if he or she demonstrates, through
20   medically acceptable clinical or laboratory standards, an inability to engage in substantial
21   gainful activity due to a physical or mental impairment that can be expected to last for a
22   continuous period of at least twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  "[A]
23   claimant will be found disabled only if the impairment is so severe that, considering age,
24   education, and work experience, that person cannot engage in any other kind of substantial
25   gainful work which exists in the national economy."  *Penny v. Sullivan,* 2 F.3d 953, 956 (9th Cir.
26   1993).

27   The findings of the Commissioner are meant to be conclusive.  42 U.S.C. §§ 405(g),
28   1383(c)(3).  The decision to deny benefits "should be upheld unless it contains legal error or is

not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is "more than a mere scintilla but less than a preponderance." *Id.*

"Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Orn*, 495 F.3d at 630. "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.*

In evaluating evidence to determine whether a claimant is disabled, the opinion of a treating physician is entitled to great weight. *Ramirez v. Shalala,* 8 F.3d 1449, 1453-54 (9th Cir. 1993). The ALJ may reject a treating physician's uncontradicted opinion only if he sets forth clear and convincing reasons for doing so. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating physician's opinion is contradicted by another doctor, the ALJ may reject that opinion only if he provides specific and legitimate reasons supported by substantial evidence in the record. *Lester,* 81 F.3d at 830. No distinction is drawn "between a medical opinion as to a physical condition and a medical opinion on the ultimate issue of disability." *Rodriguez v. Bowen*, 876 F.2d 759, 761 n.7 (9th Cir. 1989).

"The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a non[-]examining physician." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). "[T]he Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." *Id.* "[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

"Where medical reports are inconclusive, questions of credibility and resolution of conflicts in the testimony are functions solely of the [Commissioner]." *Magallanes,* 881 F.2d 747, 751 (9th Cir. 1989) (punctuation omitted). The Commissioner's finding that a claimant is less than credible, however, must have some support in the record. *See Light v. Social Sec. Admin.,* 119 F.3d 789 (9th Cir. 1997).

1  The ALJ need not accept the claimant's subjective testimony of disability, but if he decides to reject it, "[]he must provide specific, cogent reasons for the disbelief." *Lester,* 81 F.3d at 834. "Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." *Id.* "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*

### DISCUSSION

In her amended brief, Perea does not specifically address the arguments advanced by the ALJ in his decision. (Doc. 24) Instead, she asserts generally that she is unable to work due to pain from her degenerative disc disease. *Id.* This court's review, however, is limited to determining whether the prior decision contains legal error or is not supported by substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). This court is not entitled to reweigh the evidence of disability de novo. Accordingly, the court construes Perea's brief as arguing that the ALJ committed legal error when he improperly discounted her subjective testimony of disability.

"To determine whether the claimant's testimony regarding the severity of her symptoms is credible, the ALJ may consider, for example: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

Here, the ALJ explained that while he found "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," her "statements concerning the intensity, persistence and limiting effects of these symptoms" are not entirely credible. (Tr. 29)

1    The ALJ noted, for example, that Perea's physician has often recommended she take
2 physical therapy, but she failed to do so explaining she did not have the time because she was
3 too busy caring for her grandchildren. (Tr. 28, 30, 31, 229, 232, 506, 531, 539, 542, 550, 554,
4 560, 575)  As the ALJ noted, a claimant's failure to follow a prescribed course of treatment is
5 some evidence that the claimant's subjective testimony is not entirely credible. *See Smolen v.*
6 *Chater*,  80 F.3d at 1284.

7    The ALJ also noted that Perea's report of daily activities is evidence that her allegation
8 of disabling pain is less than completely credible.  Perea reported she helps take care of her
9 grandchildren, ages 9, 7, 5, and 1. (Tr. 32, 45)   At one point, she stated that her daughter "had
10 actually forsaken all care of her 1-year-old son" so she had assumed the role of primary
11 caregiver for the child. (Tr. 29, 248)  In addition, Perea states she is able to "prepare simple
12 meals, perform some household chores, occasionally shop and use the internet."  (Tr. 32)
13 Household activities are generally not performed with the same persistence and pace required
14 in the workplace, but they may be considered by the ALJ in evaluating a claimant's subjective
15 testimony of disability. *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d, 595, 600 (9th
16 Cir. 1999); *see, e.g., Curry v. Sullivan*,  925 F.2d 1127, 1130 (9th Cir. 1990) ("Curry indicated
17 that she was able to take care of her personal needs, prepare easy meals, do light housework,
18 and shop for some groceries."  "An ability to perform such activities may be seen as inconsistent
19 with the presence of a condition which would preclude all work activity.").

20    Finally, the ALJ noted that the examining physician, Hassman, and the non-examining
21 physician consultants, opined that Perea has the exertional ability to perform light work, and can
22 sit, stand and/or walk for 6-8 hours in an 8-hour day. (Tr. 32, 66, 80, 405-06)  The record does
23 not contain a physician's opinion that support's Perea's subjective testimony of disabling pain.
24 Her subjective testimony is therefore contradicted by the medical record.  *See Carmickle v.*
25 *Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with
26 the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

27    Perea's failure to follow her doctor's prescribed course of treatment, the record of her
28 daily activities, and the contrary opinions of the examining and non-examining physicians

- 9 -

constitute clear and convincing reasons for discounting her subjective testimony of disability. The decision of the ALJ is supported by substantial evidence and free from legal error. Accordingly,

IT IS ORDERED that the Commissioner's final decision in this matter is AFFIRMED. The Clerk of the Court is instructed to enter judgment accordingly and close this case.

DATED this 29th day of June, 2015.

Leslie A. Bowman
United States Magistrate Judge